T.C. Summary Opinion 2001-62

UNITED STATES TAX COURT

FRANK J. ZAVATTO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12576-99S.                    Filed April 24, 2001.

Frank J. Zavatto, pro se.

<u>Caroline Tso Chen</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for 1997.  The decision to be entered is
not reviewable by any other court, and this opinion should not be
cited as authority.

Respondent determined a deficiency of $3,348 in petitioner's 1997 Federal income tax. The issue for decision is whether any portion of the Social Security benefits paid to petitioner in 1997 are includable in his income for that year.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Mountain View, California.

After he retired in 1992 at the age of 62, petitioner applied for and began to receive Social Security benefits. In 1995, petitioner became reemployed and continued working throughout 1997, during which period he also continued to receive Social Security benefits. During the year in issue, he was paid Social Security benefits totaling $13,865.

As a result of the other income earned by petitioner each year during the years 1995 through 1997, petitioner was overpaid Social Security benefits of $20,395.30 (the overpayment), which included the amount of benefits petitioner received in 1997. Consequently, the Social Security Administration (SSA) began to withhold Social Security benefits to which petitioner was otherwise entitled in order to recover the overpayment. The SSA recovered $1,702 of the overpayment in 1997 and continued to withhold all or part of petitioner's Social Security benefits in 1998 and 1999. As of the date of trial, petitioner had not

repaid the entire amount of the overpayment.

On his 1997 Federal income tax return, petitioner reported adjusted gross income of $102,279, which does not include any of the Social Security benefits paid to petitioner during that year.

In the notice of deficiency, respondent determined that a portion of the Social Security benefits received by petitioner in 1997 are includable in his income for that year. Other adjustments made in the notice of deficiency are not in dispute.

Discussion

The extent to which Social Security benefits are includable in a taxpayer's income is determined pursuant to a formula that takes into account the amount of the taxpayer's Social Security benefits, the amount of the taxpayer's other income, and the taxpayer's filing status. See sec. 86. For purposes of the computation contemplated by the formula, the amount of Social Security benefits received by a taxpayer during any taxable year is "reduced by any repayment made by the taxpayer during the taxable year of a social security benefit previously received by the taxpayer (whether or not such benefit was received during the taxable year)." Sec. 86(d)(2).

The deficiency here in dispute was properly computed in accordance with section 86, and petitioner does not contend otherwise. Instead, petitioner disputes the deficiency because it is based upon Social Security benefits that he is required to repay. According to petitioner, because of his obligation to

repay it, the overpayment is, in effect, a loan to him that should not be included in his income.

Generally, loan proceeds are not income to the borrower. Although we understand why petitioner might view the overpayment as a loan, for Federal income tax purposes, an overpayment of Social Security benefits is not treated as a loan to the recipient.

An individual's Social Security benefits are subject to reduction if the individual's other income exceeds a certain level during a particular year. See 42 U.S.C. sec. 403. The extent of the reduction often cannot be determined until year's end when the individual's other income for the entire year is known. Similarly, the extent of an overpayment of Social Security benefits resulting from such a reduction often cannot be determined until year's end. Under those circumstances, an overpayment of Social Security benefits made in one year would have to be recovered in subsequent years. See 42 U.S.C. sec. 404. The legislative history accompanying section 86(d) indicates that the Congress was mindful of the potential negative Federal income tax consequences facing a taxpayer in such a situation and in the enactment of section 86(d)(2) intended to provide a mechanism "to prevent a taxpayer from being subject to taxation on his benefits in those situations in which a taxpayer must repay a portion of those benefits because he has been overpaid previously." S. Rept. 98-23 at 27 (1983), 1983-2 C.B. 326, 329.

We understand that under the circumstances of this case, the relief mechanism provided by section 86(d)(2) might not seem meaningful to petitioner.  Nevertheless, the deficiency here in dispute properly takes into account the provisions of section 86(d)(2), as well as the other applicable provisions of section 86.  Therefore, the deficiency must be sustained, and we so hold.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.